## MARY E. BIGELOW *vs.* INHABITANTS OF RANDOLPH.

A town, which has assumed the duties of school districts, is not liable for an injury sustained by a scholar attending the public school from a dangerous excavation in the school house yard, owing to the negligence of the town officers.

ACTION OF TORT. The parties stated the following case " The town of Randolph duly assumed the duties of the school districts by votes, and purchased a lot of land in that behalf, and erected a school house thereon for the use of the public schools of the town ; and while it was in use, an excavation was made in the lot under the authority of the selectmen of the town, by digging into a bank to obtain gravel for the repair of the highways of the town, and to remove the steep bank, and make a regular slope from the neighboring streets up to the school house. While the bank remained, and before the slope was completed, the plaintiff, a child between eleven and twelve years old, who was attending the school as a pupil, being at play with some of her companions near the edge of the bank, casually, by the caving of the bank, fell down the bank a distance of about seven or eight feet. It is admitted that a jury would find that the omission to guard the edge of the bank by a railing was under the circumstances negligence, and the place was dangerous, and that to this solely, and not to any neglect of the plaintiff, the accident was attributable. The town had months before known of the actual state of the place of the injury. The place in question was not within the located limits of any public highway. Persons coming along the street from the westward, and having occasion to go to the school house and the street beyond, had been in the habit of passing on to the school house lot at or near its southwest corner, and so going up to the school house, and returning in the same way. This was done chiefly by school children on foot, but occasionally a vehicle was driven over the lot in the same course, and from the school house. This use had existed about eighteen months when the accident above mentioned occurred. The bank at the southwest corner was originally only a slight eleva-

tion, and had been smoothed down by removing the gravel thence, so that the use above mentioned had become practicable.

"If upon the above facts, and any inferences therefrom which the court consider proper, the court should be of opinion that the plaintiff has a legal cause of action against the town, the defendant shall be defaulted, and the case put to a jury to find what damages the plaintiff is entitled to recover; otherwise, a judgment shall be entered for the defendant."

This case was argued at Dedham, at October term 1858.

*R. Choate & C. M. Ellis,* for the plaintiff. 1. If the defendant were an individual, he would be liable at common law. He who makes an excavation on his own land, in itself dangerous, and then negligently leaves it dangerous, whereby another in the use of due diligence, being rightfully on the land, receives an injury, is liable for it. *Birge* v. *Gardiner,* 19 Conn. 507. *Parnaby* v. *Lancaster Canal,* 11 Ad. & El. 223. *Jarvis* v. *Dean,* 11 Moore, 354. *Powell* v. *Deveney,* 3 Cush. 300. *Lynch* v. *Nurdin,* 1 Ad. & El. N. R. 29. *Barnes* v. *Ward,* 9 C. B. 392. *Blyth* v. *Topham,* Cro. Jac. 158. *Sarch* v. *Blackburn,* 4 Car. & P. 297. *Coupland* v. *Hardingham,* 3 Campb. 398.

The circumstance that the defendant is a town makes no difference in its favor. As to towns the principle is settled, that, in regard to the use and care of the real estate which they are authorized by statute to hold and use, and in regard to the conducting of any improvement or operation which they are authorized by statute to make, and which they have undertaken, they are in all respects liable to the rules of the common law.

It appears that the defendant owned the place of excavation, and the place where the plaintiff fell; that, as such owner, it had built thereon a public school house, opened a public school, and given to the plaintiff a right to attend the same; that the plaintiff was so attending in fact at the time of the accident; that the defendant had authorized the plaintiff to be at the place where she was, and doing the act she was doing, when she fell; that by positive exercise of power the defendant had rendered that a dangerous place, had negligently left it dangerous for months, and that the plaintiff, using due care, thereby received

an injury. The town is therefore liable for this. Rev. Sts. *c.* 23, § 32. *Anthony* v. *Adams*, 1 Met. 284. *Richardson* v. *Boston*, 19 How. 263. *Baker* v. *Boston*, 12 Pick. 184. *Thayer* v. *Boston*, 19 Pick. 511. *Ballou* v. *Hopkinton*, 4 Gray, 325. *Lawrence* v. *Fairhaven*, 5 Gray, 110. *Peck* v. *Ellsworth*, 36 Maine, 398. *Dayton* v. *Pease*, 4 Ohio State R. 80. *Lloyd* v. *Mayor &c. of New York*, 1 Selden, 369. *Conrad* v. *Ithaca*, 16 N. Y. 158 *Radcliff* v. *Mayor &c. of Brooklyn*, 4 Comst. 195.

The defendant had dedicated the *locus* as a school house yard or highway, had held it out to the plaintiff as safe, and so given him a right to use it; and if, in using it with due care, he was there injured by the defendant's negligence, he may maintain this action at common law. *Drury* v. *Worcester*, 21 Pick. 44. *Kimball* v. *Bath*, 38 Maine, 219. *Jarvis* v. *Dean*, 11 Moore, 354. *Bailey* v. *Mayor &c. of New York*, 3 Hill, 531. *Lloyd* v. *Mayor &c. of New York*, and *Dayton* v. *Pease*, above cited.

*B. R. Curtis & A. L. Cushing*, for the defendants.

METCALF, J. // It was said by Chief Justice Parsons, half a century since, in *Riddle* v. *Proprietors of Locks & Canals*, 7 Mass. 187, and adjudged by the full court in *Mower* v. *Inhabitants of Leicester*, 9 Mass. 247, that a private action cannot be maintained against a town, or other quasi corporation, for a neglect of corporate duty, unless such action be given by statute. And so it has ever since been held by this and other courts. This rule of law, however, is of limited application. It is applied, in case of towns, only to the neglect or omission of a town to perform those duties which are imposed on all towns, without their corporate assent, and exclusively for public purposes; and not to the neglect of those obligations which a town incurs, when a special duty is imposed on it, with its consent, express or implied, or a special authority is conferred on it, at its request. In the latter cases, a town is subject to the same liabilities, for the neglect of those special duties, to which private corporations would be, if the same duties were imposed or the same authority were conferred on them — including their liability for the wrongful neglect as well as the wrongful acts of their officers and agents. See the cases referred to in *Eastman* v

*Town of Meredith,* 36 N. H. 295–297, and in *Conrad* v. *Town of Ithaca,* 16 N. Y. 158–174.

For neglect of the duty imposed on towns to keep highways, town ways, causeways and bridges in repair, and safe and convenient for travellers, the Rev. Sts. *c.* 25, and *St.* 1850, *c.* 5, give an action to any person who, by reason of such neglect, receives an injury in his person or property. But it is clear that the facts in the present case do not bring it within the statute provisions concerning ways.

Nor can this action be maintained for the town's neglect of its corporate duty concerning the keeping of schools and the providing of school houses — a duty imposed for public purposes exclusively, and without its corporate assent — because no statute gives a private action against a town for an injury caused by a neglect or violation of the school laws, except by *St.* 1845, *c.* 214, to a child who is unlawfully excluded from public school instruction.

In order, therefore, to maintain this action, some other legal ground than the defendant's neglect of corporate duty must be shown.

The plaintiff's counsel cited, in support of the action, cases in which municipal corporations were held liable for neglect of corporate duty, under the distinction above stated, to wit, where a special duty had been imposed on them, or a special authority had been granted to them. Those cases are therefore inapplicable to this.

The counsel also cited the case of *Thayer* v. *City of Boston,* 19 Pick. 511, where it was decided that, for a tort, which was the effect of malfeasance, and not of mere neglect or nonfeasance, the city was answerable, if the tortious acts were authorized or ratified by the city, or by its officers who were empowered to act for the city upon the subject to which the tort related. Manifestly that decision is not an authority for the maintenance of this action. For it is not shown, in this case, that the making of the excavation in the school house yard was in itself a wrongful act. The purpose for which the case states that it was made, rather leads to the presumption that it was a proper

and justifiable act at the time it was done. In the other case, the acts for which the city was held answerable in damages were wholly unwarranted, and wrongful *ab initio.* Besides ; if it were certain that the making of the excavation was wrongful — a mere malfeasance — the town never authorized nor ratified it; nor does it appear that it was authorized or ratified by any officers or agents of the town, who were empowered to act in providing the school house. The case states that the excavation was made " under the authority of the selectmen of the town." But we understand this to mean, not that the selectmen had legal authority in the matter, but that they gave direction or consent that it should be made. What authority they had, more than any other men in the town, is not shown.

The sole ground of this action, therefore, is the neglect by the defendants, of their corporate duty respecting school houses — their neglect to adopt suitable precautions to secure those who had a right to frequent the school house yard, from falling into the excavation. And we are not disposed to deny that although they were not bound by statute to prepare a school house for the district, yet that when they assumed to do it, as they were authorized by the Rev. Sts. *c.* 23, § 32, they incurred all the obligations and liabilities to which they would have been subject, if they had been required, by statute, to prepare the house.

The question then is, whether the defendants are answerable, on the facts in this case, for the special injury sustained by the plaintiff through their neglect to provide a safe place for her attendance at school. We are of opinion that they are not. The wrong which the facts show is not malfeasance, but mere neglect of that kind of corporate duty, for the neglect of which, as we have seen, a town is liable to a private action only when it is given by statute.

The case of *Eastman* v. *Town of Meredith,* 36 N. H. 284, seems to us not to be distinguishable, in principle, from this. In that case it was decided that though a town house, which was erected by the town, was so defectively constructed, that when a town meeting was held in it, the floor broke down and a voter was thereby injured, yet he could not maintain an action against

46 *

the town to recover damages for the injury.  The legal princi-
ples and the numerous decisions, relating to the question there
raised, were ably and fully discussed by Chief Justice Perley.
We refer to his thorough discussion, which has made it need-
less for us to prepare an expanded opinion in the present case.

The plaintiff's counsel argued that the case in 36 N. H. should
be distinguished from this, inasmuch as in that case the town
and its officers supposed, and had a right to suppose, that a safe
town house had been provided ; whereas, in this case, the town
and its officers knew, for months, that the school house yard
was unsafe.  And if we were at liberty to decide the case upon
merely ethical principles, as applicable to the conduct of indi-
viduals, we might recognize this distinction between the two
cases.  But the common law, which is our only guide in this
case, makes no such distinction.  That law exempted towns
from liability for a private injury caused by an unsafe road, as
well when they knew as when they were ignorant of its condi-
tion.  The statute subjects them to that liability only when
they have notice that the road is unsafe.  The ethics of the
liability and exemption are confined to the statute.

*Judgment for the defendants.*